THE STATE EX REL. RODGERS

v.

CUYAHOGA COUNTY COURT OF COMMON PLEAS.

[Cite as *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 83 Ohio App.3d 684.]

Court of Appeals of Ohio,
Cuyahoga County.

· No. 64577.

Decided Nov. 16, 1992.

*Otis L. Rodgers, Sr., pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for respondent.

MATIA, Chief Justice.

On October 28, 1992, relator Otis L. Rodgers, Sr. commenced this action against the respondent Cuyahoga County Court of Common Pleas to compel the court to rule upon his motion for return of property and declaratory judgment which he filed on September 8, 1992. In support of his mandamus Rodgers relies upon R.C. 2701.02 and *Knox v. Knox* (1986), 26 Ohio App.3d 17, 26 OBR 186, 498 N.E.2d 236. *Sua sponte,* for the following reasons this court dismisses the above-captioned action.

First, the authorities which Rodgers cites are not controlling. R.C. 2701.02 does provide that when a case is submitted to a court on motion, demurrer, motion for new trial, or final trial, a cause begun in a court of record shall be determined and adjudicated within thirty days after such submission. However, the Ohio Supreme Court has repeatedly held that the provisions of this statute are directory and not mandatory. *Kyes v. Pennsylvania Rd. Co.* (1952), 158 Ohio St. 362, 49 O.O. 239, 109 N.E.2d 503; *State ex rel. Ticknor v. Randall* (1949), 152 Ohio St. 129, 39 O.O. 440, 87 N.E.2d 340; see, also, *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589. Similarly, *Knox* is distinguishable. In that case the trial court waited fourteen months to make its ruling, which is significantly longer than the fifty days which elapsed between Rodgers' filing his motion and his filing this mandamus action.

In the present case an inordinate amount of time has not elapsed to warrant mandamus to compel a ruling. C.P.Sup.R. 6(A) provides that motions shall be ruled upon within one hundred twenty days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been

pending approximately sixty days is premature. *State ex rel. Byrd v. Fuerst* (July 12, 1991), Cuyahoga App. No. 61985, unreported.

Moreover, even the passing of one hundred twenty days may still not compel a mandamus to issue. The rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, *inter alia,* be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule risks depriving other litigants of due process, invites gamesmanship in litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities. *State ex rel. Richard v. Gorman* (Aug. 19, 1992), Cuyahoga App. No. 63333, unreported.

Moreover, a court has inherent power "to regulate procedure that justice may be the result." *Aluminum Indus., Inc. v. Egan* (1938), 61 Ohio App. 111, 115, 14 O.O. 174, 176, 22 N.E.2d 459, 462. Recognizing a litigant's "right" to compel a judge to rule on any motion after the lapse of one hundred twenty days could undermine the court's power. This is not to say that a trial court may leave a motion unresolved indefinitely. Given the proper circumstances, mandamus will lie to compel the exercise of discretion. However, mandamus does not lie to control that discretion, *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116, and in certain instances prematurely compelling a court to rule on a matter would be to usurp a judge's discretion.

The requisites of mandamus are well established: (1) a clear legal right to the relief requested, (2) a clear legal duty to perform the requested relief, and (3) no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. In the present case because there has not really been a delay, there is neither a clear legal right nor a clear legal duty to perform the requested relief. Accordingly, the complaint is dismissed. Relator to pay costs.

*Complaint dismissed.*

DYKE, J., concurs.