Relator is the defendant in State v. Bradley, Cuyahoga County Court of Common Pleas Case No. CR-341466. By entry received for filing on December 18, 1997, respondent denied relator's motion to withdraw guilty plea. On July 20, 1998, relator filed a motion for factual findings in support of this court's denial of defendant's motion to withdraw guilty plea ("motion for factual findings"). In this action, relator requests that this court compel respondent to issue the requested findings of fact and conclusions of law.
Respondent has filed a motion for summary judgment.
 Unfortunately, the motion does not adequately address the claim stated in relator's complaint. Furthermore, although this motion is denominated as a "motion for summary judgment," it does not rely on matter outside the pleading. Compare Civ.R. 56 and 12. As a consequence, respondents motion for summary judgment must be denied.
State ex rel. Smith v. Sutula (May 1, 1996), Cuyahoga App. No. 70390, unreported. Likewise, in this action, respondent's motion for summary judgment does not rely on evidentiary matter outside the pleading and must be denied.
Nevertheless, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted.
To the extent that relator requests that this court compel respondent to issue findings of fact and conclusions of law regarding the denial of relator's motion to withdraw guilty plea, relief in procedendo is inappropriate.
 Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court about what the judgment should be. State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64, 67, 671 N.E.2d 24, 27.
State ex rel. Grove v. Nadel (1998), 81 Ohio St.3d 325, 326,691 N.E.2d 275. That is, relief in procedendo would only be appropriate to compel respondent to rule on the motion for factual findings.
Relator argues that he is entitled to relief in procedendo because former C.P.Sup.R. 6(A) required that a court dispose of pending motions within one hundred twenty days of the filing date. (Current Sup.R. 40(A) contains a comparable provision.) In support of this argument, relator relies on this court's decision in State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas
(1992). 83 Ohio App.3d 684, 615 N.E.2d 689. In Rodgers, the relator argued that former C.P.Sup.R. 6(A) provided a basis for issuing a writ of mandamus compelling the respondent court to rule on a motion for return of property.
 [E]ven the passing of one hundred twenty days may still not compel a [writ of] mandamus to issue. The rule may impose upon the trial court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. * * *.
 Moreover, a court has inherent power "to regulate procedure that justice may be the result." Aluminum Indus., Inc. v. Egan (1938), 61 Ohio App. 111, 115, 14 O.O. 174, 176. 22 N.E.2d 459, 462. Recognizing a litigant's "right" to compel a judge to rule on any motion after the lapse of one hundred twenty days could undermine the court's power. This is not to say that a trial court may leave a motion unresolved indefinitely.
Id. at 686. Contrary to relator's argument, therefore, Rodgers actually recommends that this court dismiss relator's complaint for relief in procedendo at this time. Nevertheless, respondent may not leave the motion for findings "unresolved indefinitely." That is, respondent has not provided this court with any controlling authority for the proposition that relator would not be entitled to relief in procedendo at some future date.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
Accordingly, we dismiss this action sua sponte at this time for failure to state a claim upon which relief can be granted. Relator to pay costs.
Writ dismissed.
JAMES M. PORTER, A.J.
ANN DYKE, J. CONCURS.