OPINION
On February 22, 1999, the relator, Calvin Drake, commenced a mandamus action, Case No. 76029, against the respondent, Judge Carolyn Friedland, to compel the judge to dismiss the plaintiff's complaint and to enter default judgment against the plaintiff on Mr. Drake's counterclaim in the underlying case, Kevin Spellacy v. Calvin Drake, et al., Cuyahoga County Common Pleas Court Case No. CV-315818. Mr. Drake also applied for an alternative writ seeking the same relief.
On March 12, 1999, Mr. Drake commenced a second mandamus action, Case No. 76131, against the respondent, Judge Carolyn Friedland, to compel the judge to grant him default judgment on his counterclaim and dismiss the plaintiff's complaint in the underlying case. Again he applied for an alternative writ seeking the same relief.
On March 22, 1999, the judge, through the Cuyahoga County Prosecutor, moved to dismiss Case No. 76029; attached to the motion were the docket and several entries from the underlying case. On April 9, 1999, the judge moved to dismiss Case No. 76131 or in the alternative to strike the complaint in that case because it is redundant to Case No. 76029. On April 16, 1999, this court consolidated the two cases and converted the motions to dismiss to motions for summary judgment. On April 19, 1999. Mr. Drake filed his "Motion of objection to motion to dismiss mandamus." For the following reasons, this court grants the judge's motions for summary judgment and denies the applications for a writ of mandamus and an alternative writ.
As gleaned from the docket, the attached journal entries and the parties' filings, the underlying case is a quiet title action, in which the plaintiff, Mr. Spellacy, is the guardian of Jane Gates and the administrator of the estate of Hollis Gates. The parties indicate that foreclosure and fraudulent transfer are also issues.
Mr. Spellacy commenced the case September 25, 1996. Mr. Drake was eventually served on January 13, 1997, and later that month he filed an answer and counterclaim. Mr. Spellacy sought leave to answer the counterclaim, and on March 31, 1997, the judge granted that motion. When no answer was filed immediately, Mr. Drake moved for default judgment. On May 30, 1997, Mr. Spellacy filed the answer with a motion for leave to file instanter which the judge granted.
At a March 1998 pretrial the judge granted Mr. Spellacy's motion to file an amended complaint to add parties. In May he filed the amended complaint. In June 1998, Mr. Drake renewed his motion for default judgment and moved to dismiss the complaint. On July 17, 1998, Mr. Drake filed an answer to the amended complaint, a motion to dismiss and a motion for default judgment. In an August 18, 1998 order the judge, noting that the answer to the counterclaim had been filed on May 30, 1997, overruled the motions for default judgment and to dismiss.
On October 13, 1998, Mr. Drake filed an answer to the amended complaint, a motion to dismiss the complaint and amended complaint and judgment by default to defendants. Mr. Drake filed identically captioned pleadings on October 28, 1998. On March 26, 1999, the judge denied Mr. Drake's motion to dismiss. The docket further reveals that appropriate action has been and is continuing on the underlying case.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
Mr. Drake is not entitled to a writ of mandamus granting the relief he specifically requested in his demand, an order granting him default judgment and dismissing the complaint in the underlying case. The judge has twice denied his motions to dismiss. She has fulfilled her duty to rule on the motions. Beyond that Mr. Drake's remedy is through appeal once a final, appealable order has been issued. Similarly, Mr. Drake is not entitled to a default judgment. The plaintiff has filed an answer to his counterclaim, and the trial judge has explicitly overruled his motion for default judgment. To rule otherwise would be to improperly interfere with the trial judge's discretion. Cf. State ex rel. Rodgers v. Cuyahoga County Court of Common Pleas (1992),83 Ohio App.3d 684, 615 N.E.2d 689.
Mr. Drake in his filings lists other points, including some relating to his criminal cases. For example, he asserts that probate court has exclusive jurisdiction over the underlying case. However, he never established the claims in the underlying case or provided the court with any, much less persuasive, legal authority on this issue. The court declines to issue a writ of mandamus on these other points because it is not clear exactly what relief Mr. Drake seeks, and mandamus should not issue unless the matter is certain. Moreover, Mr. Drake has an adequate remedy through appeal to contest errors and procedural irregularities, if any, once a final, appealable order has been issued. He will then have a full opportunity to raise any relevant matters on a full record.
Accordingly, the court grants the respondents' motions for summary judgment and denies the applications for a writ of mandamus and an alternative writ of mandamus. Costs assessed against relator.
ANN DYKE, J. CONCURS.
JAMES M. PORTER, ADMINISTRATIVE JUDGE.