OPINION
Defendant-appellant, Diana Cook, appeals a decision of the Mason Municipal Court overruling her motion to dismiss on speedy trial grounds.
On September 18, 1998, Cook was charged with driving while under the influence of alcohol and with a prohibited blood alcohol content, and failing to stop at a stop sign in violation of R.C.4511.19(A)(1), 4511.19(A)(3), and 4511.12 respectively. Cook pled not guilty. On September 29, 1998, Cook filed a motion to suppress. On October 19, 1998, Cook's attorney filed a time waiver. By decision entry filed August 24, 1999, the trial court overruled Cook's motion to suppress. Thereafter, Cook filed a motion to dismiss the charges on the ground of speedy trial violation. By entry filed September 14, 1999, the trial court summarily overruled that motion. Upon the denial of her motion to dismiss, Cook changed her plea to no contest, and was convicted and sentenced.
Cook now appeals and raises as her sole assignment of error that the trial court erred by overruling her motion to dismiss. Cook argues that the eleven-month delay (or three hundred twenty-nine days) between her September 29, 1998 motion to suppress and the trial court's August 24, 1999 entry denying the motion violated her speedy trial rights.
Cook was charged with violating, inter alia, R.C.4511.19(A)(1) and (A)(3), misdemeanors of the first degree. R.C.2945.71(B)(2) provides in relevant part that a person against whom a first or second degree misdemeanor charge is pending shall be brought to trial within ninety days after his arrest or the service of summons.
Cook argues that her speedy trial rights were violated when the trial court took more than one hundred twenty days to rule upon her motion to suppress in violation of Sup.R. 40(A). That rule provides that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." However, while Sup.R. 40 may impose a duty on a trial court to rule upon motions during that period for purposes of efficient court administration, it does not necessarily create a right in a litigant to have a motion ruled upon within one hundred twenty days. State ex rel. Rodgers v. Cuyahoga Cty. Court of CommonPleas (1992), 83 Ohio App.3d 684, 686.
It is well-established that a defendant may waive his right to a speedy trial so long as the waiver is knowingly and voluntarily made. Barker v. Wingo (1972), 407 U.S. 514, 529,92 S.Ct. 2182, 2191. A defendant's waiver of his right "to a speedy trial must be expressed in writing or made in open court on the record." State v. King (1994), 70 Ohio St.3d 158, syllabus.
On October 19, 1998, Cook's attorney filed a written waiver of Cook's right to a speedy trial. It is well-established that in the absence of a clearly articulated specific period of time, a waiver of a defendant's right to a speedy trial is of unlimited duration. In re Fuller (Dec. 14, 1994), 1994 Ohio App. LEXIS 5678, at *6, Summit App. No. 16824, unreported; see, also, Statev. O'Brien (1987), 34 Ohio St.3d 7. Because Cook's waiver did not provide a specific time period during which the waiver was to operate, it is of unlimited duration.
"Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." O'Brien at paragraph two of the syllabus.
In the case at bar, Cook did not withdraw her waiver or reassert her right to a speedy trial. Cook never filed a formal written objection and demand for trial. As a result, on September 8, 1999, when she filed her motion to dismiss the charges pursuant to R.C. 2945.73 based upon a claimed violation of her speedy trial rights, her earlier waiver of those speedy trial rights was still in effect. State v. Palmer (July 25, 1997), 1997 Ohio App. LEXIS 3572, at *5-6, Montgomery App. No. 16017, unreported. In light of the clear language in O'Brien, we find that Cook was not entitled to a dismissal of the charges for failure of the state to bring her to trial within the time specified in R.C. 2945.71, and the trial court properly overruled her motion to dismiss. Cook's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.