ORIGINAL ACTION
On February 5, 2001, the relator, Thomas Morton, commenced this mandamus action against the respondent, Judge Thomas Porkorny, to compel the judge to rule on a motion to dismiss the indictment against him for lack of a speedy trial in the underlying case, State of Ohio v. Thomas Morton, Cuyahoga County Common Pleas Court Case No. Cr. 398956. For the following reasons, the writ is hereby dismissed, sua sponte.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Although a writ of mandamus may require a judge to exercise judgment or to discharge a duty, it may not control judicial discretion, even if such discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914.
A review of the docket in the underlying case (a copy of which is attached hereto) reveals that the court assigned Morton on December 1, 2000, and that he filed a pro se motion to dismiss on January 5, 2001. This is the oldest, but not the only, motion to dismiss filed in the case. C.P.Sup.R. 40(A) provides that motions shall be ruled upon within one hundred twenty days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion to dismiss which has been pending approximately forty days is premature. See State ex rel. Rodgers v. Cuyahoga County Court of Common Pleas (1992), 83 Ohio App.3d 684,615 N.E.2d 689 and State ex rel. Byrd v. Fuerst (July 12, 1991), Cuyahoga App. No. 61985, unreported.
Additionally, careful review of the docket indicates that the judge overruled the motion to dismiss on January 31, 2001[1], and, therefore, this action to obtain a writ of mandamus is moot, The judge here has fulfilled his duty to rule on the motion and Morton has received his requested relief.
Moreover, the petition itself is defective because it is improperly captioned. R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. Morton also failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court dismisses this application for a writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
PATRICIA A. BLACKMON, P.J. and ANNE L. KILBANE, J. CONCUR
[1] The court notes that Morton dated the certificate of service for this mandamus complaint January 30, 2001.