JOURNAL ENTRY AND OPINION
On October 4, 2001, the relator commenced this mandamus action against the respondent, Judge Lillian Greene, to compel her to rule on a "Petition for notice of plain error C.R. 52(B); alternatively allow withdrawal of guilty plea C.R. 32.1" which Mr. Garrett filed in mid-July 2001, in the underlying case, State of Ohio v. Earl Garrett, Cuyahoga County Common Pleas Court Case No. CR. 382793. For the following reasons, this court dismisses the mandamus action sua sponte.
Mr. Garrett alleges that he filed the subject motion because his indictment for escape was improper because he was charged under an inapplicable statute. He also states that on August 10, 2001, he submitted a motion for judgment on the pleadings. He asserts that the court has not ruled properly on either motion; thus, this mandamus action follows.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal.State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission ofOhio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel.Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108 and State exrel. Boardwalk Shopping Center, Inc. v. Court of Appeals for CuyahogaCounty (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
In the present case the matter is moot. As established by the attached journal entry, the respondent denied the subject motion on August 6, 2001. The respondent fulfilled her duty and Mr. Garrett received his proper and requested relief, a disposition on the motion. To the extent that he seeks an order compelling the granting of the subject motion, such relief would be inappropriate because that would control judicial discretion. Moreover, Mr., Garrett has or had an adequate remedy at law through appeal.
This court further notes that the August 10, 2001 motion for judgment on the pleadings has been rendered moot and that an inordinate amount of time has not passed since its filing. Sup.R. 40(A) provides that motions shall be ruled upon within one hundred twenty days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been pending approximately two months is premature. State exrel. Rodgers v. Cuyahoga County Court off Common Pleas (1992),83 Ohio App.3d 684, 615 N.E.2d 689 and State ex rel. Byrd v. Fuerst (July 12, 1991), Cuyahoga App. No. 61985, unreported.
Accordingly, this court dismisses Mr. Garrett's mandamus action. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.