JOURNAL ENTRY AND OPINION
{¶ 1} On November 17, 2006, the relator, Gary Smith, commenced this mandamus action against the respondent, Judge Ronald Suster. Smith seeks to compel the judge to rule on motions to correct sentence which Smith filed on October 4, 2006, in the underlying cases, State of Ohio v. GarySmith, Cuyahoga County Common Pleas Court Case Nos. CR-461996, CR-470156 and CR-455925.[1] On December 7, 2006, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment. Smith has not responded to this dispositive motion. For the following reasons, this court grants the judge's motion for summary judgment.
 {¶ 2} The judge first argues that Smith is not entitled to the issuance of the extraordinary writ of mandamus because there has not yet been an unreasonable delay in ruling on the motions. This argument is well taken. Sup.R. 40(A)(3) provides that motions shall be ruled upon within 120 days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been pending less than that time is premature. State ex rel. Rodgers v. Cuyahoga Cty. Court ofCommon Pleas (1992), 83 Ohio App.3d 684, 615 N.E.2d 689 and State exrel. Byrd v. Fuerst (July 12, 1991), Cuyahoga App. No. 61985.
 {¶ 3} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator.State ex rel. Pamer v. Collier, 108 Ohio St.3d 492, 2006-Ohio-1507,844 N.E.2d 842 and State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.
 {¶ 4} The court further notes that relator did not comply with Civ.R. 10(A), which requires that the caption of the complaint contain the addresses of all the parties. His supporting affidavit under Local Appellate Rule 45 also appears deficient because such affidavit must specify the details of the claim as compared to verifying everything in the complaint.
 {¶ 5} Finally, the judge argues that the subject motions lack merit. The firearm specification must be served prior to and consecutive to any other prison term imposed. Although the summary judgment motion does not provide authority for that proposition and although that reason does not eliminate the need to resolve the subject motions, R.C. 2929.14(E)(1)(a) provides in pertinent part that the firearm specification shall be served "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."
 {¶ 6} Accordingly, this court dismisses this application for a writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
COLLEEN CONWAY COONEY, J. and MELODY J. STEWART, J., CONCUR
[1] In Case No. CR-461996, Smith pleaded guilty to drug trafficking and drug possession with a firearm specification. The judge sentenced him to one year on the firearm specification to be served consecutively to six months on each of the drug charges which are to be served concurrently. In Case No. CR-470156, the judge sentenced him to one year for having weapons under disability; this is to be served concurrently with the sentences in CR-461996 and 455925. In CR-455925, the judge imposed a one-year sentence for felonious assault to run concurrently with CR-461996 and CR-470156. Once in prison, Smith learned that the Ohio Department of Rehabilitation and Correction ran the one-year sentence for the firearm specification consecutive to the base sentences in the three cases, for a total of two years. Smith interpreted the sentences to mean that all the sentences run concurrent from day one, for a total of eighteen months. Pursuant to the suggestion of the ODRC, Smith filed the subject motions to effect his interpretation.