JOURNAL ENTRY AND OPINION
{¶ 1} In his "motion for writ of mandamus," relator — Ronald Foster — avers that: he is a party to several actions which respondent judge has consolidated; the underlying actions involve a landlord and tenant; and Foster is the tenant. Foster requests that this court issue a writ of mandamus compelling respondent "to decide the motions which were fully submitted on June 5, 2008. Alternately, Plaintiff-Relator requests that the case be reassigned to a different judge." Motion for Writ of Mandamus, at 3. Additionally, Foster complains that: 1) respondent has deprived him of the opportunity to prepare fully; 2) respondent has denied Foster compulsory process; 3) respondent consolidated discovery without Foster's knowledge; 4) respondent is openly hostile toward Foster; 5) respondent must transfer the landlord's eviction action to the court of common pleas, because the amount in *Page 3 
controversy under a counterclaim exceeds the monetary jurisdiction of the municipal court; 6) respondent has lost jurisdiction over the underlying cases "through various illegal actions," Motion for Writ of Mandamus, at 18; 7) plaintiff in the forcible entry and detainer action did not properly execute service of process on Foster; 8) service of notice of a pretrial on Foster was insufficient; and 9) respondent has abused his discretion.
 {¶ 2} In State ex rel. Foster v. Buchanan, Cuyahoga App. No. 85962,2006-Ohio-2061 ["Foster I"], appeal dismissed State ex rel. Foster v.Buchanan, 11 Ohio St.3d 1450, 2006-Ohio-4085, 852 N.E.2d 196, Foster asserted essentially the same claims against respondent. "The relator, Ronald Foster, commenced this `Motion for a writ of mandamus' against the respondent, Judge A. Deane Buchanan of the Cleveland Heights Municipal Court, to obtain the following relief: (1) to compel Judge Buchanan to recuse himself; (2) to compel Judge Buchanan to rule on motions submitted on December 2, 2004; (3) to compel the assignment of Foster's underlying case(s) to a different judge; (4) to compel the transfer of the underlying case(s) from the municipal court to the common pleas court because the amount in controversy exceeds the monetary jurisdiction of the municipal court; (5) to compel transfer or dismissal of the underlying case(s) because Judge Buchanan has lost jurisdiction through various illegal actions; (6) to compel the payment or release of the award in one of the underlying case(s); (7) to compel making certain records available to *Page 4 
Foster; (8) to compel discovery; and (9) to compel protection of Foster's rights." Id. at ¶ 1.
 {¶ 3} Initially, we note that this action was filed on June 25, 2008. Yet, Foster requests relief in mandamus to compel respondent to rule on motions filed on June 5, 2008. "Sup. R. 40(A)(3) provides that motions shall be ruled upon within 120 days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been pending less than that time is premature. State ex rel. Rodgers v.Cuyahoga Cty. Court of Common Pleas (1992), 83 Ohio App.3d 684,615 N.E.2d 689 and State ex rel. Byrd v. Fuerst (July 12, 1991), Cuyahoga App. No. 61985." State ex rel. Smith v. Suster, Cuyahoga App. No. 89031,2007-Ohio-89, at ¶ 2. Obviously, the filing of this action is premature.
 {¶ 4} Clearly, this action raises claims that are identical to those which Foster raised in Foster I. "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit' (emphasis sic) (quoting Rogers v. Whitehall [1986],25 Ohio St.3d 67, 69, 25 Ohio B. 89, 494 N.E.2d 1387, 1388). We also declared that `[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.'" Grava v. Parkman Twp., 73 Ohio St.3d 379,382, 1995 Ohio 331, 653 N.E.2d 226 quoting Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180 (quoted in State ex rel. Mun. Constr. Equip. Operators' Labor Council v. *Page 5 Cleveland, Cuyahoga App. No. 86263, 2006-Ohio-4273, at ¶ 12). To the extent that Foster did assert or could have asserted his claims in this action in Foster I, res judicata bars this action.
 {¶ 5} Regardless, all of the remaining issues raised by Foster in this action are not appropriate for an original action. Rather, Foster's claims are only appropriate as issues on appeal. "[M]andamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. IndustrialCommission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus." Foster I, at ¶ 2. Clearly, relief in mandamus is not appropriate because Foster is merely attempting to use this action as a substitute for an appeal.
 {¶ 6} Foster also styled his pleading as a "motion for writ of mandamus." A party may only commence an original action by way of filing a complaint. Dismissal of the "motion for writ of mandamus" is, therefore, appropriate. Foster I, at ¶ 12. Additionally, as was the case in Foster I, Foster's "motion" does not clearly set out a basis for relief in mandamus. Id at ¶ 13.
 {¶ 7} Accordingly, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B). *Page 6 
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
 *Page 1