JOURNAL ENTRY AND OPINION
{¶ 1} On October 6, 2008, relator Marc Strauss filed a petition for a writ of mandamus. In that petition he asks this court to order respondent Judge James P. Celebreeze to hold a hearing pursuant to Civ. R. 75(N). On November 25, 2008, Judge Celebreeze, through the Cuyahoga County Prosecutor's office, filed a motion to dismiss to which relator filed his opposition on December 9, 2008. For the following reason, we grant the motion to dismiss.
 {¶ 2} The filings indicate that Strauss is the defendant in the matter of Strauss v. Strauss, Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. 06-DR-311479. According to the lower court docket, Judge Celebreeze *Page 3 
issued an order allocating parental rights and responsibilities on January 30, 2008 for the 2007-2008 school year which was to terminate on June 5, 2008. Thereafter, on April 23, 2008, the court issued an entry scheduling December 17, 2008 as the contested trial date.
 {¶ 3} On May 12, 2008 Strauss filed an Emergency Motion for Temporary Possession Schedule which asserted that there would be no possession schedule after the above order terminated on June 5, 2008. On August 20, 2008 Strauss filed a motion for temporary allocation of parental rights and responsibilities pursuant to Civ. R. 75(N) regarding the parties' minor child. On August 26, 2008, Judge Celebreeze denied the motion and imposed a temporary parenting schedule in accordance with the local rules. Thereafter, Strauss filed a motion requesting a full evidentiary hearing pursuant to Civ. R. 75(N) which was denied by Judge Celebreeze on September 18, 2008. Strauss now brings this mandamus action and asks us to order Judge Celebreeze to hold the evidentiary hearing.
 {¶ 4} In order for this court to issue a writ of mandamus, Strauss must establish that he has a clear legal right to the requested relief; that the respondent has a clear legal duty to perform the requested relief; and there must be no adequate remedy at law. State ex rel.Manson v. Morris (1993), 66 Ohio St. 3d 440, 613 N.E.2d 232, citingState ex rel. Berger v. McMonagle (1983), 6 Ohio St. 3d 28,451 N.E.2d 225. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. "The duty to be enforced by *Page 4 
a writ of mandamus must be specific, definite, clear and unequivocal."State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 205,614 N.E.2d 827. It should not be issued in doubtful cases. State ex rel.Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Cannole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 5} Additionally, if a relator had an adequate remedy at law, regardless of whether it was used, relief in mandamus is precluded.State ex rel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108; State ex rel. Boardwalk Shopping Ctr, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 564 N.E.2d 86;State ex rel. Provolone Pizza, LLC. v. Callahan, Cuyahoga App. No. 88626, 2006-Ohio-660; State ex rel. Grahek v. McCafferty, Cuyahoga App. No. 88614, 2006-Ohio-4741.
 {¶ 6} Civ. R. 75(N)(2) provides in pertinent part "Upon request, in writing, after any temporary spousal support, child support, or order allocating parental rights and responsibilities for the care of children is journalized, the court shall grant the party so requesting an oral hearing within twenty-eight days to modify the temporary order." Based upon this language, Strauss claims that he has a legal right to a hearing and the court has a mandatory obligation to hold the hearing.
 {¶ 7} However, both this court and the Supreme Court of Ohio have stated on numerous occasions that not all rules and laws create rights enforceable in *Page 5 
mandamus. In State ex rel. Richard v. Calabrese (1993),66 Ohio St.3d 193, 610 N.E.2d 1002 and State ex rel. Rodgers v. Cuyahoga County Courtof Common Pleas (1992), 83 Ohio App.3d 684, 615 N.E.2d 689, both courts found that Common Pleas Superintendence Rule 6 which states that motions must be ruled on within 120 days, created no rights in litigants. "The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, iner alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days." Rodgers, supra. Additionally, enforcing such rights in mandamus would lead to reducing or eliminating the inherent power of courts "to so regulate procedure that justice may be the result of the proceedings over which [the trial court] presides." AluminumIndus., Inc. v. Egan (1938), 61 Ohio App. 111, 115, 22 N.E. 2d 459, 462.
 {¶ 8} Based upon the facts of this case, we are reluctant to find a right which is enforceable in mandamus. The matter was scheduled for a contested trial within a short period of time in which parental rights and responsibilities were certain to be litigated. To hold a separate hearing so near to the trial date does not promote judicial efficiency and clearly falls within the sound discretion of the lower court. Finally, by finding a right which is enforceable in mandamus, this court would be interfering with the inherent power of the lower court to administer the case as it deems best. *Page 6 
 {¶ 9} Accordingly, due to Strauss' failure to establish an absolute duty to hold the hearing within the time prescribed, this cause fails as a matter of law and we grant the motion to dismiss. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
Writ dismissed.
JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1