[Cite as *Kubasco v. Kubasco*, 2012-Ohio-4072.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTENA G. KUBASCO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| DALE M. KUBASCO | : | Case No. 2011CA00282 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 2010DR00911

JUDGMENT: Affirmed

DATE OF JUDGMENT: September 4, 2012

APPEARANCES:

For Plaintiff-Appellee

JOY S. WAGNER
507 West Park Avenue
Barberton, OH 44203

For Defendant-Appellant

MICHAEL A. PARTLOW
623 West Saint Clair
Cleveland, OH 44113

*Farmer, J.*

{¶1}   On October 17, 1987, appellant, Dale Kubasco, and appellee, Christena Kubasco, were married.   At the time, appellee had three children from a prior relationship.   In 1996, appellant was convicted of sexually assaulting one of the children, and is currently in prison.

{¶2}   On July 15, 2010, appellee filed a complaint for divorce.   Temporary orders were filed on October 4, 2010 wherein appellant was ordered to pay appellee temporary spousal support in the amount of $483.92 per month.

{¶3}   A final hearing before a magistrate was held on April 14, 2011.   By decision filed August 31, 2011, the magistrate awarded appellee indefinite spousal support in the amount of $454.59 per month.   The magistrate also created a constructive trust upon an account titled "The Dale M. Kubasco Trust" to ensure the payment of temporary spousal support arrearages.   Both parties filed objections.   By judgment entry filed November 21, 2011, the trial court approved and adopted the magistrate's decision.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED, AS A MATTER OF LAW BY ADOPTING THE MAGISTRATE'S DECISION TO IMPOSE A 'CONSTRUCTIVE TRUST' UPON THE CHARTER ONE BANK ACCOUNT IN THE NAME OF THE DALE M. KUBASCO TRUST."

II

{¶6} "THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, IN AWARDING SPOUSAL SUPPORT TO THE APPELLEE."

III

{¶7} HE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, IN AWARDING SPOUSAL SUPPORT FOR AN INDEFINITE PERIOD OF TIME."

I

{¶8} Appellant claims the trial court erred in creating a constructive trust on his trust account. We disagree.

{¶9} "A constructive trust is an equitable creature which arises by operation of law against one who holds the legal right to property which in equity and good conscience belongs to another. *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 9 OBR 565, 459 N.E.2d 1293; 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221." *American Diabetes Association, Inc. v. Diabetes Society of Clinton County* (1986), 31 Ohio App.3d 136, 141.

{¶10} In his decision filed August 31, 2011, the magistrate ordered the following at Conclusion of Law No. 14:

{¶11} "Temporary spousal support arrearages are due and payable in the amount of $3564.85 representing seven months and eleven days from September 7, 2010 through April 7, 2011. Any unpaid temporary spousal support following the day of the final hearing through the day of the filing of the Judgment Entry of Divorce shall additionally be due and payable less any payments made during this time period. Said temporary spousal support arrearages shall not merge but rather shall survive the filing

of the Final Decree of Divorce.  Said temporary spousal support arrearages shall be paid from the Defendant's separate funds on deposit at Charter One Bank specifically from the checking account in the name of the Dale M. Kubasco Trust.  A constructive trust shall be imposed upon the funds on deposit in said account.  A constructive trust is an appropriate remedy because the Dale M. Kubasco Trust will be unjustly enriched from funds provided by the Defendant which otherwise were payable to the Plaintiff and were not paid in violation of the order of this court.  See Ferguson v. Owens (1984), 9 Ohio St. 3d 223."

{¶12}  Despite the temporary spousal support order and with funds available to him, appellant did not pay spousal support during the pendency of the divorce. Because the entire funds subject to the Qualified Domestic Relations Order (QDRO) are for on-going spousal support, there is no way to assure payment of the arrearage amount save for the constructive trust.

{¶13}  Upon review, we find the trial court did not err in ordering a constructive trust on the checking account.

{¶14}  Assignment of Error I is denied.

II, III

{¶15}  Appellant claims the trial court erred in ordering him "to pay all of his available income" to appellee as spousal support and in awarding it for an indefinite period of time.  We disagree.

{¶16}  A trial court has broad discretion in determining a spousal support award. *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624; *Stevens v. Stevens* (1986), 23 Ohio St.3d 115.  In order to find an abuse of that discretion, we must determine the trial

court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶17} R.C. 3105.18 governs spousal support. Subsection (C) states the following:

{¶18} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

{¶19} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶20} "(b) The relative earning abilities of the parties;

{¶21} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶22} "(d) The retirement benefits of the parties;

{¶23} "(e) The duration of the marriage;

{¶24} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶25} "(g) The standard of living of the parties established during the marriage;

{¶26} "(h) The relative extent of education of the parties;

{¶27} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶28} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶29} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶30} "(l) The tax consequences, for each party, of an award of spousal support;

{¶31} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶32} "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶33} The parties were married in 1987 and separated in 1996 because of appellant's conviction on four counts of rape and subsequent incarceration.  The divorce was finalized in 2011.  From Finding of Fact Nos. 41, 42, 43, 71, 73, 74, 76, and 77, filed August 31, 2011, the following income was attributable to each party:

{¶34} "41. Plaintiff receives the sum of $180 per month in pension benefits.

{¶35} "42. Plaintiff's living expenses, which includes rent of $300, is in excess of her unemployment and pension benefits.

{¶36} "43. Plaintiff has a checking and savings account at Huntington Bank with a combined balance of $16.00.

{¶37} "71. His monthly pension benefit is $483.92.

{¶38} "73. Thereafter Defendant elected for his pension benefit to be direct deposited into the Charter One checking account in the name of the Dale M. Kubasco Trust.

{¶39} "74. Each month, the sum of $481.03 is direct deposited into the Charter One checking account by the Maytag Corporation Employees' Retirement Plan.

{¶40} "76. Defendant has an income tax liability owed to the Internal Revenue Service in the amount of $91,227.13 for the years 1995 and 1996.

{¶41} "77. No payments of temporary spousal support were made by the Defendant during the pendency of the case."

{¶42} Based upon these facts, the trial court concluded the following at Conclusion of Law Nos. 11 and 13:

{¶43} "11. Revised Code 3105.171(C)(1) requires an equal division of marital property unless an equal division would be inequitable. Because there is no evidence of the present value of the marital portion of the pensions, an equal division of the pensions must consist of offsetting the marital portion of the parties' monthly benefits. The monthly pension benefits that are the separate property of the Plaintiff, amounting to $89.57 per month, shall be disbursed to the Plaintiff. The monthly pension benefits that are the separate property of the Defendant, amounting to $334.82 per month, shall be disbursed to the Defendant. The marital portion of Defendant's pension benefits amounting to $149.10 per month shall be offset with the marital portion of Plaintiff's pension benefits amounting to $90.43 per month. In order to achieve an equal division, Plaintiff shall be granted one half of the net amount or $29.33 per month. In summary, Plaintiff shall receive the entirety of her monthly pension benefits plus $29.33 per month

of the Defendant's benefits. Defendant shall receive the entirely of his benefits less $29.33 per month, which is granted to the Plaintiff. The transfer of Plaintiff's interest in Defendant's pension shall be effectuated through a Qualified Domestic Relations Order (QDRO). Plaintiff shall be responsible for the preparation and costs of the QDRO.

{¶44} "13. Reasonable spousal support may be awarded pursuant to R.C. 3105.18(B) subsequent to a division of property upon the request of either party. Such a request was made by the Plaintiff. In consideration of the factors set forth at R.C.3105.18(C)(1), the following award of spousal support is appropriate and reasonable. Effective the first month following the filing of the Judgment Entry of Divorce, Defendant shall pay indefinite spousal support in the amount of $454.59 per month. At the option of the Plaintiff, Defendant may make direct payments, pursuant to R.C. 3121.441(A) or be payable through CSEA plus processing charges. In the event the spousal support payments are direct, all payments made by the Defendant shall be by check, money order, or in any other form such as a QDRO that establishes a clear record of payment. The Judgment Entry of Divorce shall contain a provision which specifically authorizes the court to modify the amount or term of spousal support in the event the circumstances of either party should change. Further, spousal support shall terminate upon the remarriage of the Plaintiff or the death of either party."

{¶45} Although sustainable, attorney fees were not awarded to either party.

{¶46} Appellant argues it was error to structure a spousal support order that essentially denied him any income from his pension benefits, and to award appellee any spousal support at all. In fact, the division of the parties' pensions was an appropriate division of marital and separate property under R.C. 3105.171.

{¶47} Appellant argues his remaining income or his separate property was awarded to appellee as spousal support. We note as a result of both parties being employed full time at The Hoover Company, their lifestyle was high. Once appellant quit working to care for his parents, their income was diminished by $42,000 and appellee continued to work. T. at 15-16. The evidence establishes that after appellant was convicted of four counts of raping his stepchild, appellee made an effort to remove herself and the children from the area with funds she made from selling the house which appellant had signed over to her. T. at 18-19, 28. Unfortunately, she returned to Ohio unsuccessful at relocation and is currently unemployed. T. at 19, 22. She supports herself on unemployment which will run out and a pension of $180 per month. T. at 22-23. Appellant on the other hand is a guest of the citizens of Ohio with no expenses and has an independent source of income from his mother's estate as well as an annuity. See, Finding of Fact Nos. 55-65 and 67, filed August 31, 2011.

{¶48} Upon review, we find no abuse of discretion in the award, the amount, or the duration of spousal support.

{¶49} Assignments of Error II and III are denied.

{¶50} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ John W. Wise_____


s/ Julie A. Edwards_____
                                    JUDGES


SGF/sg 802

[Cite as *Kubasco v. Kubasco*, 2012-Ohio-4072.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTENA G. KUBASCO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DALE M. KUBASCO | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00282 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ John W. Wise_____

s/ Julie A. Edwards_____

JUDGES