[Cite as *Kubasco v. Kubasco*, 2021-Ohio-1031.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| CHRISTENA KUBASCO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2020 CA 00122 |
| DALE KUBASCO | : | |
| | : | |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2010DR00911

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    March 29, 2021

APPEARANCES:

For Plaintiff-Appellee

CHRISTENA KUBASCO PRO SE
8011 Garnet Ave. N.E.
Canton, OH 44721

For Defendant-Appellant

MICHAEL A. PARTLOW
112 S. Water Street, Suite C
Kent, OH 44240

*Gwin, P.J.*

{¶1} Appellant appeals the July 31, 2020 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying his motion to modify spousal support.

*Facts & Procedural History*

{¶2} Appellant Dale Kubasco and appellee Christena Kubasco were married in 1987. In 1996, appellant was convicted of sexually assaulting one of appellee's children from a prior relationship.

{¶3} Appellee filed a complaint for divorce in 2010. At the time of the divorce, appellant was in prison. The pensions of appellant and appellee were thus considered in order to determine spousal support. In 2011, a magistrate awarded appellee indefinite spousal support of $454.59 per month. The magistrate's decision provides, "the judgment entry of divorce shall contain a provision which specifically authorizes the court to modify the amount or term of spousal support in the event the circumstances of either party should change." The magistrate's decision also states, "Plaintiff's counsel shall submit a Judgment Entry of Divorce consistent with this Magistrate's Decision within thirty (30) days of having been served with this Magistrate's Decision unless timely objections are filed by either party."

{¶4} Both parties filed objections to the magistrate's decision. The trial court issued a judgment entry on November 21, 2011, approving and adopting the magistrate's decision. The trial court did not enter a judgment entry of divorce and did not instruct either party to do so in its November 21, 2011 judgment entry.

{¶5} Appellant appealed the trial court's decision to this Court. Neither party informed this Court or argued that the judgment entry of divorce had not been filed. Thus, this Court proceeded to a determination on the merits of the case, pursuant to the trial court's November 21, 2011 judgment entry overruling the objections to the magistrate's decision.

{¶6} Appellant argued the trial court abused its discretion in awarding appellee spousal support, and abused its discretion in awarding appellee spousal support for an indefinite period of time. Relying on the trial court's November 2011 judgment entry, this Court overruled appellant's objections and affirmed the decision of the trial court. *Kubasco v. Kubasco*, 5th Dist. Stark No. 2011CA00282, 2012-Ohio-4072.

{¶7} Since 2011, appellee has received appellant's full pension amount because appellant was incarcerated. Appellee gets her monthly payment directly from the pension fund via a Qualified Domestic Relations order.

{¶8} Appellant filed a motion to modify spousal support on September 27, 2019. Appellant filed a memorandum in support of his motion to modify on February 4, 2020. Appellant argued a substantial change in circumstances has occurred because he is no longer incarcerated.

{¶9} The trial court issued a judgment entry on July 31, 2020. The trial court stated because a final decree of divorce has not been filed in this case, appellant's motion to modify spousal support is denied because the trial court does not have jurisdiction to address the requested relief. As stated by the trial court, "the authority of the court to address the issue of spousal support was to flow through the Final Entry Decree of Divorce which has not been filed herein." The trial court also noted while service had

been perfected on appellee, she did not appear for any court hearing after the filing of the motion to modify.

{¶10} Appellant appeals the July 31, 2020 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DETERMINING THAT IT HAD NO JURISDICTION TO GRANT APPELLANT RELIEF."

{¶12} In his assignment of error, appellant contends the trial court committed error in finding it did not have jurisdiction to address his motion to modify spousal support.

{¶13} The trial court in this case found its authority to address the issue of spousal support was to flow through the final divorce decree, which was never filed. The trial court thus denied appellant's motion to modify.

{¶14} We agree with the trial court that the authority to address the issue of spousal support comes from the final divorce decree and that there is no final judgment entry of divorce in this case. *Aguirre v. Sandoval*, 5th Dist. Stark No. 2010CA00001, 2010-Ohio-6006. However, rather than deny and dismiss appellant's motion, we find the trial court has a duty to issue the final divorce decree.

{¶15} In this case, it is unclear how the judgment entry of divorce was to be submitted. While the magistrate ordered counsel for appellee to submit the judgment entry of divorce within thirty days, the magistrate qualified this language by stating, "unless timely objections are filed by either party." Timely objections were filed by both parties. When the trial court issued its judgment entry overruling the objections, it did not issue a divorce decree, did not order either party to submit one, and did not clarify whether counsel for appellee was still responsible for the entry.

{¶16} While a trial court has the inherent power to regulate procedure before it and can direct counsel to submit a judgment entry to the court, it is ultimately the trial court's obligation to issue a judgment entry. *State ex rel. Rodgers v. Cuyahoga County Court of Common Pleas*, 83 Ohio App.3d 684, 615 N.E.2d 689 (8th Dist. Cuyahoga 1992). Once a decision has been announced, Civil Rule 58(A) places the burden on the court to "promptly cause the judgment to be prepared." Civ.R. 58(A). Rule 7 of the Rules of Superintendence, promulgated by the Supreme Court of Ohio, provides, "the judgment entry specified in Civil Rule 58 * * * shall be filed and journalized within thirty days of the verdict, decree, or decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." Sup.R. 7. The commentary to Rule 7 states, "the purpose of the rule is to assure the entry of judgment in a civil case is not delayed by failure of counsel to prepare and file the entry." *Id.*

{¶17} In his 2011 order, the magistrate specifically detailed what should be contained in the final judgment entry decree of divorce. The trial court overruled both parties' objections to the magistrate's order. Accordingly, the trial court should issue a final judgment entry decree of divorce consistent with the magistrate's 2011 decision. The trial court should then proceed to rule on appellant's September 27, 2019 motion to modify spousal support.

{¶18} Based on the foregoing, appellant's assignment of error is sustained.

{¶19} The July 31, 2020 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and remanded to the trial court to issue a final judgment entry and rule on appellant's September 27, 2019 motion to modify.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle E., J, concur