OPINION *Page 2 
{¶ 1} Appellant, Holly Barton, and appellee, Daniel Barton, were married on March 31, 2006. One child was born prior to the marriage, namely, Katelyn Barton, born January 24, 2005. On November 14, 2006, Appellee filed a complaint for divorce. By judgment entry decree of divorce filed March 17, 2008, the trial court granted the parties a divorce. The trial court named Appellee residential parent of Katelyn, and ordered Appellant to pay Appellee $238.18 plus processing fees per month for child support.
 {¶ 2} On June 23, 2008, the trial court agreed to reconsider the child support issue. On July 7, 2008, Appellant filed her memorandum on child support, arguing income should not be imputed to her because she was working under the Ohio Works First program. By judgment entry filed August 13, 2008, the trial court imputed minimum wage to Appellant at $14,560.00.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration.
 {¶ 4} Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPUTED INCOME TO HOLLY BARTON FOR THE PURPOSES OF CALCULATING CHILD SUPPORT."
 I {¶ 6} Appellant claims the trial court erred in imputing income to her when she was working under the Ohio Works First program. We agree. *Page 3 
 {¶ 7} A trial court's determination on child support will not be disturbed on appeal absent an abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610.
 {¶ 8} In its judgment entry filed August 13, 2008, the trial court found, "The Court finds that the plaintiffs income shall be $37,450.00. The Court imputes minimum wage to the defendant at $14,560.00. If the defendant received disability or any social security, she shall make motion to the Court for a modification."
 {¶ 9} Appellant argues the trial court erred in imputing this income to her because she works under the Ohio Works First program which is a welfare-based means tested public assistance program.
 {¶ 10} R.C. 3119.05 governs requirements when a court computes child support. Subsection (I) states the following:
 {¶ 11} "(I) A court or agency shall not determine a parent receiving means-tested public assistance benefits to be voluntarily unemployed or underemployed and shall not impute income to that parent, unless not making such determination and not imputing income would be unjust, inappropriate, and not in the best interest of the child."
 {¶ 12} Appellant's position is outlined in her July 7, 2008 memorandum on child support and her affidavit which state the following in pertinent part, respectively: *Page 4 
 {¶ 13} "Defendant's income is zero. Because she is now receiving means tested public assistance, this Court should not impute income to her. R.C. 3119.05(I). See, Affidavit of Defendant, attached as Exhibit B. If this Court chooses to impute income to Defendant, it should be no more than $12,161.00, the amount she was making at her previous job (Wal-Mart). A worksheet is attached with this amount entered for Defendant's income. See, Exhibit C. She should not be imputed any more than this. If she were able to take a full time job, she would be forced to pay for child care, and this would have to be subtracted from the imputation. See, attached Affidavit, Exhibit B.
 {¶ 14} "I am currently receiving OWF, means tested public assistance. I have applied for social security. I am complying with all conditions of the receipt of this assistance."
 {¶ 15} In his July 3, 2008 memorandum to court, Appellee argued Appellant "be imputed to the current minimum wage as she certainly has the ability to earn $7.00 an hour given her recent employment with Walmart and her employment as an escort."
 {¶ 16} In the absence of a specific findings(s) with supporting reason why not imputing income would be unjust, inappropriate and not in the best interest of the child, we find the trial court abused its discretion in not complying with the mandate of R.C. 3119.05(l), despite Appellant's alternative proposal for the amount to be imputed.
 {¶ 17} Appellant's assignment of error is sustained. *Page 5 
 {¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio is reversed and the case remanded for recalculation of child support.
By: Hoffman, J. Gwin, J., concurs. *Page 6