[Cite as *Schley v. Gillum*, 2012-Ohio-2787.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT M. SCHLEY | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11 CAF 10 0098 |
| CATHERINE MARIE GILLUM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Delaware County Court of
               Common Pleas, Juvenile Division, Case
               No. 07-01-0092


JUDGMENT:        REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:  June 20, 2012


APPEARANCES:

For Appellant:          For Appellee:

STACI K. THOMAS
142 W. Center St.
P.O. Box 6029
Marion, OH 43301-6029

*Delaney, P.J.*

{¶1} Defendant-Appellant Catherine Marie Gillum appeals the September 27, 2011 judgment entry of the Delaware County Court of Common Pleas, Juvenile Division. Plaintiff-Appellee is Robert M. Schley.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellee Robert M. Schley has not filed a brief opposing this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶3} Defendant-Appellant Catherine Marie Gillum and Plaintiff-Appellee Robert M. Schley are Mother and Father to B.A.E.S., born October 16, 2004. Pursuant to a magistrate's decision journalized April 19, 2010, the parties entered into a shared parenting plan where Father was designated the residential parent for school purposes. Father was ordered to pay Mother child support in the amount of $642.33 per month if private health insurance was not available for the child or $665.00 per month if private health insurance covered the child. The child support worksheet attached to the magistrate's decision determined the annual gross income for Father to be $68,000 per year. Mother worked at Homewood Corporation, a housing construction business, because of which her annual gross income was established at $26,000 per year.

{¶4}  Father filed a motion for modification of child support based on new day care costs and other costs associated with parenting the child.  A hearing was held before the magistrate on March 4, 2011.  The magistrate issued her findings of facts and conclusions of law on May 18, 2011.  Pertinent to this appeal, the magistrate found:

* * *

To the best of the Plaintiff's knowledge and belief the Defendant works at a pub.  There is no reason why the Defendant cannot work full time.

* * *

The Defendant is working at Screaming Willies part time.  She starts on Saturday, March 5, 2011.  The Defendant will be paid $3.40 per hour, plus tips.  The Defendant was offered every weekend (fifteen (15) hours per weekend).  The Defendant accepted only alternating weekends in which she does not have [B.A.E.S.].

The Defendant previously earned $26,000 per year at Homewood.  She was laid off at the end of 2010.  Since the Defendant was laid off she has received $150.00 per week in Unemployment Compensation.  The Defendant does not know what, if any, Unemployment Compensation Benefits she would be eligible with her current job.

* * *

The Defendant has been seeking full time work since she was laid off.  The Defendant has continued to seek full time work.

The Defendant uses the resource center at DCDJFS, the internet in her job search. The Defendant does not have a high school diploma. She has an extensive history in customer service.

* * *

Since [B.A.E.S.] has been born the Plaintiff has made more money than the Defendant. The Defendant has struggled financially since she has been unemployed. There is always a bill due.

The Defendant struggles to make ends meet even with guidelines child support.

The Defendant receives $250.00 per month in food stamps.

* * *

The Defendant is guaranteed one night per weekend at Screaming Willies for eight (8) to ten (10) hours per shift.

The Defendant has taken the GED test and the classes to prepare for the test. The classes were for two weeks.

The Defendant has been a customer service representative on and off over the last ten (10) years. The longest the Defendant worked for the employer was at JC Pennys, in 2005 and 2006. The Defendant earned $8.00 per hour plus commissions.

The Defendant cannot reach the highest income that she ever reported.

(Magistrate's Decision, May 18, 2011.)

{¶5} The magistrate then determined:

Based on the information provided to the Court, the Court finds that the Plaintiff's annual income for child support calculation purposes is $71,122.00. The Defendant's annual income for child support calculation purposes is $26,000.00.

* * *

The Plaintiff is requesting a deviation of his child support obligation based on the financial hardship that it presents to him. Under Section 3119.22 of the Ohio Revised Code, a child support deviation is appropriate only when the deviation is in the best interest of the child. Although the Court is cognizant of the hardship that a child support obligation places on any family, this alone is not enough to warrant a deviation. A deviation must be based solely on the best interests of the minor child, not the financial burdens of either party. The amount of parenting time exercised by the Plaintiff is insufficient to support a deviation to the child support obligation. The Court has not been presented with sufficient evidence to demonstrate that a deviation in the Plaintiff's child support obligation would be in the minor child's best interest. The Court did complete a shared parenting deviation analysis, however, there is now a huge disparity in the parties' actual income much greater than when an imputed income is assigned to the Defendant. Due to this disparity, it is unlikely that the Defendant would be able to provide adequately for the minor child while [B.A.E.S.] is in her care absent guideline support.

(Magistrate's Decision, May 18, 2011.)

{¶6} The magistrate concluded the Father's motion for modification of child support should be granted. Effective November 12, 2010, Father was ordered to pay child support in the amount of $550.25 per month if private health insurance was in effect. If no private health insurance was in effect, Father was ordered to pay $542.00 per month.

{¶7} Mother filed objections to the magistrate's decision on June 1, 2011. Mother argued the magistrate erred when she imputed income of $26,000 to Mother without finding Mother was voluntarily unemployed or underemployed. She also argued that pursuant to statute, the magistrate could not impute income to Mother because she is receiving mean-tested public benefits in the form of food stamps.

{¶8} On September 27, 2011, the trial court overruled Mother's objections.

{¶9} It is from this decision Mother now appeals.

## ASSIGNMENTS OF ERROR

{¶10} Mother raises one Assignment of Error:

{¶11} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPUTING INCOME TO MS. GILLUM FOR THE PURPOSES OF CALCULATING CHILD SUPPORT WITHOUT FIRST FINDING THAT SHE WAS VOLUNTARILY UNEMPLOYED OR VOLUNTARILY UNDEREMPLOYED."

## ANALYSIS

{¶12} Mother argues the trial court erred in imputing income to her without making a finding she was voluntarily unemployed or underemployed. Based on the record presented in this case, we agree.

{¶13} A trial court has discretion in the calculation of child support and the appellate court will not disturb a child support order absent a showing of an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997). In order to calculate child support, the trial court must determine the parent's income. The imputation of income is a matter "to be determined by the trial court based upon the facts and circumstances of each case." *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), paragraph one of the syllabus. A determination with respect to these matters will only be reversed upon a showing of abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 317, 219, 450 N.E.2d 1140 (1983).

{¶14} This Court stated in *Farrell v. Farrell*, 5th Dist. No. 2008-CA-0080, 2009-Ohio-1341, ¶ 20: "In deciding if an individual is voluntarily under employed or unemployed, the court must determine not only whether the change was voluntary, but also whether it was made with due regard to obligor's income-producing abilities and his or her duty to provide for the continuing needs of the child. *Woloch v. Foster* (1994), 98 Ohio App.3d 86, 649 N.E.2d 918. A trial court does so by weighing the circumstances of each particular case. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218."

{¶15} R.C. 3119.01(C)(5) defines "income," for purposes of calculating child support, as follows:

(5) "Income" means either of the following:

(a) For a parent who is employed to full capacity, the gross income of the parent;

(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent.

{¶16} In turn, R.C. 3119.01(C)(11) defines "potential income" as follows:

"Potential income" means both of the following for a parent who the court pursuant to a court support order, or a child support enforcement agency pursuant to an administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:

(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:

(i) The parent's prior employment experience;

(ii) The parent's education;

(iii) The parent's physical and mental disabilities, if any;

(iv) The availability of employment in the geographic area in which the parent resides;

(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

(vi) The parent's special skills and training;

(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii) The age and special needs of the child for whom child support is being calculated under this section;

(ix) The parent's increased earning capacity because of experience;

(x) Any other relevant factor.

(b) Imputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant .

{¶17} The Ninth District Court of Appeals holds that the trial court must make an explicit finding of voluntary unemployment or underemployment before it imputes income to a parent for child support purposes. *See, e.g., Musci v. Musci*, 9th Dist. No, 23088, 2006-Ohio-5882, at ¶ 17; *Ramskogler v. Falkner*, 9th Dist. No. 2286, 2006-Ohio-1556, at ¶ 15; *Misleh v. Badwan*, 9th Dist. No. 23284, 2007-Ohio-5667, at ¶ 5.

{¶18} The Fifth District Court of Appeals has not adopted the "explicit finding" standard as established by the Ninth District Court of Appeals. Rather, in *Snyder v. Snyder*, 5th Dist. No. 2008CA00219, 2009-Ohio-5292, at ¶ 37, we held there is no "magic language" requirement in deciding if an individual is voluntarily unemployed or underemployed. *See also Winkelman v. Winkelman*, 11th Dist. No. 2008-G-2834, 2008-Ohio-6557; *Thaher v. Hamed*, 10th Dist. No. 09AP-970, 2010-Ohio-5257.

{¶19} In *Snyder*, we reviewed a case where the appellant argued the trial court erred by failing to explicitly find he was either voluntarily unemployed or underemployed before imputing income to the appellant for child support purposes. The trial court reviewed the appellant's education and employment history, in relation to his health circumstances and his school-age children's needs. *Id.* at ¶ 32-34. The appellant had an associate's degree in electrical engineering and communications, a bachelor's degree in psychology, and he was pursing his MBA. The appellant was not employed full-time but did some part-time substitute teaching. The appellant submitted to an occupational wage evaluation, which concluded he had an earning potential to earn $32,500 and $79,227. The trial court found, based on the facts and circumstances, there was no "valid reason for the [appellant] not to be employed full-time" and therefore imputed an income to the appellant of $32,500 for child support purposes. *Id.* at ¶ 34, 37. We held the trial court's review of the facts and circumstances coupled with the statement there was no valid reason for the appellant not be employed full time was sufficient to comply with the R.C. 3119.01(C)(11) requirement that a finding of voluntary unemployment or underemployment must be made before imputing income for child support purposes. *Id.* at ¶ 37.

{¶20} The present case is distinguishable from *Snyder*. Like *Snyder*, the magistrate reviewed the facts and circumstances of Mother's employment history, educational background, and the needs of her child. But unlike *Snyder*, the magistrate imputes an income to Mother in the amount of $26,000 without any related statement, explicit or otherwise, as to the voluntary nature of Mother's unemployment or underemployment.

{¶21} The weighing of the facts and circumstances of the present case further distinguishes this case from *Snyder.* The facts and circumstances cited by the magistrate do not support a finding that Mother is voluntarily unemployed or underemployed. The findings of facts made by the magistrate show that Mother was actively searching for a job and seeking full time work, but could only secure part-time employment as a server. The magistrate specifically finds, "[t]he Defendant cannot reach the highest income that she ever reported." The weighing of the facts and circumstances in this case show that Mother's change in income was not voluntary and Mother has limited income-producing abilities.

{¶22} Based on our above analysis, we find the trial court abused its discretion in finding the magistrate did not err in imputing income to Mother.

{¶23} We further find the trial court erred in imputing an income to Mother based on R.C. 3119.05(I). Subsection (I) states the following: "(I) A court or agency shall not determine a parent receiving means-tested public assistance benefits to be voluntarily unemployed or underemployed and shall not impute income to that parent, unless not making such determination and not imputing income would be unjust, inappropriate, and not in the best interest of the child."

{¶24} The magistrate found Mother was currently receiving $250 per month in food stamps.

{¶25} R.C. 3119.01(C)(7) defines "gross income" as used in Chapter 3119. "It does not include any of the following: (a) Benefits received from means-tested government administered programs, including Ohio works first; prevention, retention, and contingency; means-tested veterans' benefits; supplemental security income;

supplemental nutrition assistance program; disability financial assistance; or other assistance for which eligibility is determined on the basis of income or assets."[1]

{¶26} Pursuant to this Court's decision in *Barton v. Barton*, 5th Dist. No. 08CA000120, 2009-Ohio-6000, absent a specific finding with supporting reasoning why not imputing income would be unjust, inappropriate and not in the best interest of the child, the trial court abused its discretion and is in contravention of R.C. 3119.05(I) by imputing income to Mother.

{¶27} Accordingly, we find the trial court abused its discretion in imputing income to Mother. Mother's sole Assignment of Error is sustained.

---

[1] 2009 H.B. 1 substituted "supplemental nutrition assistance program" for "food stamps" in division R.C. 3119.01(C)(7)(a).

**CONCLUSION**

{¶28} For the foregoing reasons, the sole Assignment of Error of Defendant-Appellant Catherine Marie Gillum is sustained.

{¶29} The judgment of the Delaware County Court of Common Pleas, Juvenile Division, is reversed and the matter remanded for further proceedings consistent with this opinions and law.

By: Delaney, P.J.

Hoffman, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| ROBERT M. SCHLEY | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |

|  | : |  |
|---|---|---|
|  | : |  |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.   11 CAF 10 0098 |
| CATHERINE MARIE GILLUM | : |  |
|  | : |  |
| Defendant - Appellant | : |  |
|  | : |  |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas, Juvenile Division, is reversed and remanded.  Costs assessed to Appellee.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS