OPINION *Page 2 
{¶ 1} Relator has filed a Petition for Writ of Mandamus and/or Procedendo requesting the issuance of a writ compelling the trial court to rule on Relator's Motion for New Trial which was filed on August 1, 2008. Respondents have not filed answers or responses. Although Relator has named several Respondents in the caption of the Petition, the only allegations contained in the Petition are against Respondent Cottril. Relator seeks no relief relative to the other Respondents, therefore, this Court will only address the Petition as it relates to Respondent Cottril.
 {¶ 2} A relator is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief; and, (3) the relator has no plain and adequate remedy in the ordinary course of law. Doss Petroleum, Inc. v. Columbiana Cty. Bd. ofElections, 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, citing toState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225.
 {¶ 3} Further, to be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." Miley, supra, at 65, citing State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the *Page 3 
inferior court as to what that judgment should be." State ex rel. Daveyv. Owen, 133 Ohio St. 96, *106, 12 N.E.2d 144, 149 (1937).
 {¶ 4} "Sup. R. 40(A)(3) provides that motions shall be ruled upon within 120 days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been pending less than that time is premature. State ex rel. Rodgers v. Cuyahoga Cty. Court ofCommon Pleas (1992), 83 Ohio App.3d 684, 615 N.E.2d 689 and State exrel. Byrd v. Fuerst (July 12, 1991), Cuyahoga App. No. 61985." State exrel. Smith v. Suster, Cuyahoga App. No. 89031, 2007-Ohio-89, at ¶ 2.
 {¶ 5} Although the motion for new trial was filed on August 1, 2008, Relator had a pending appeal at the time the motion was filed. Relator filed a Notice of Appeal on June 26, 2008 divesting the trial court of jurisdiction to rule on Relator's Motion for New Trial. Relator's appeal was dismissed for want of prosecution on October 29, 2008 at which time the trial court again had jurisdiction over the motion for new trial. The Complaint in Mandamus was filed prior to the expiration of the 120 day period in which the trial court has had jurisdiction, therefore, this Complaint must be dismissed.
 {¶ 6} We also note a meritorious claim in mandamus or procedendo does not automatically exist because a motion remains pending longer than 120 days, "[U]nder Superintendence Rule 40(A)(3) a trial court is directed to rule on a pending motion within 120 days from the date the motion was filed. From the date of filing the motions in this case and the filing of this petition, there had been a passage of 119 days. Moreover, the passage of 120 days does not automatically entitle a litigant to a writ of mandamus. As stated in State ex. Rel. Rodgers v. Cuyahoga Cty. Courtof Common Pleas (1992), 84 Ohio App.3d 684, 615 N.E.2d 689; "The rule may impose upon the trial *Page 4 
court the duty to rule upon motions within one hundred twenty days for purposes of efficient court administration. That, however, does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days. Furthermore, allowing litigants to enforce such a rigid rule risks depriving other litigants of due process, invites gamesmanship in litigation, and could frustrate the policy of deciding cases on their merits and not on procedural technicalities. State exrel. Richard v. Gorman (Aug. 19, 1992), Cuyahoga App. No. 63333, unreported." Powell v. Houser 2007 WL 1666587.
 {¶ 7} Relator's Petition is premature and is therefore dismissed.
 {¶ 8} WRIT DISMISSED.
 {¶ 9} COSTS TO RELATOR. *Page 5 
 {¶ 10} IT IS SO ORDERED.
Hoffman, J. Gwin, P.J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY NUNC PRO TUNC
For the reasons stated in our accompanying Memorandum-Opinion, Relator's Petition is premature and is therefore dismissed. *Page 1