[Cite as *Desensi v. Eppley*, 2025-Ohio-2471.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| MARIO DESENSI | : | Hon. Andrew J. King, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 25 CA 001 |
| JILL EPPLEY | : | |
| | : | |
| Defendant-Appellee | : | OPINION |


CHARACTER OF PROCEEDING:    Appeal from the Holmes County Court of Common Pleas, Juvenile Division, Case No. 22S134

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    July 11, 2025

APPEARANCES:

For Defendant-Appellee

GERALD D. PISZCZEK
MELISSA PISZCZEK
412 North Court Street
Medina, OH 44256

For Plaintiff-Appellant

BRENT A. CICERO
11005 Pearl Road
Strongsville, OH 44136

*Popham, J.,*

{¶1} Appellant Mario Desensi appeals the December 9, 2024, judgment entry of the Holmes County Court of Common Pleas, Juvenile Division, overruling his objections to the magistrate's decision. Appellee is Jill Eppley. For the reasons below, we affirm.

*Facts & Procedural History*

{¶2} Appellant and appellee are the parents of three minor children. In September of 2022, appellee filed a petition for domestic violence civil protection order ("CPO") against appellant in Medina County, naming both appellee and the parties' three minor children as protected persons. After a full hearing, the magistrate issued a CPO naming appellee and the children as protected parties. The CPO expires on September 1, 2027. Appellant filed objections and supplemental objections to the CPO, which were overruled by the trial court, as the trial court found appellee demonstrated, and appellant admitted, that appellant engaged in a pattern of conduct that caused mental distress to appellee and the minor children.

{¶3} Shortly after the magistrate in Medina County issued the CPO, Holmes County Child Support Enforcement Agency ("HCCSEA") sent the parties a notice on October 11, 2022, setting a child support hearing for November 15, 2022, and instructing both appellant and appellee to provide financial documentation to HCCSEA prior to or at the hearing. The notice also stated, "each party will be allowed to present evidence proving or disproving allegations of income, wages, or assets." Appellee provided the requested financial documentation. One day prior to the hearing, appellant requested a continuance, stating the certified mail notice "had been hanging on his door for several days before he took care of it." HCCSEA went forward with the hearing. Appellant

appeared and testified at the administrative hearing, but did not provide the administrative hearing officer with any financial documentation either before or at the hearing.

{¶4} The certified administrative record provides as follows: Father testified he lives off his savings; though he did not provide documentation about his current living expenses, Father estimates them to be approximately $1,000 to $2,000 per month; Father stated his previous business was "internet marketing" which earned over $1 million for each of three years, with less (six figures) earned for two other years; Father has his bachelor's degree in accounting; Father stated he recently sold an "old house" to pay off debts; Father stated he will "do something" when his savings money runs out; and Medina County Auditor records show Father owns a home valued at over $800,000. A notation by the hearing officer states, "used $150,000/year [for appellant's income] based on estimated business earnings which he states has been his source of living expenses since about 13-14 years ago."

{¶5} HCCSEA issued an "Administrative Order for Child Support and Medical Support" ("AO") on November 16, 2022. Appellee was listed as the child support obligee and appellant as the child support obligor. Appellant was ordered to pay $2,086.24 per month for child support and $85.34 per month for cash medical support, for a total of $2,215.01 per month. Appellee was ordered to secure and maintain health insurance for the three minor children.

{¶6} Appellant filed a letter of objection to the AO on November 29, 2022. Appellant argued HCCSEA could not properly impute $150,000 of yearly income to him. Further, appellant stated, "[he] is searching for employment within the area, and upon securing employment, a more realistic estimate of his earning potential will be available.

Additional developments regarding custody and visitation matters between the parties are also anticipated."

{¶7} The trial court scheduled an initial pretrial for January 20, 2023, and ordered HCCSEA to file a certified copy of the administrative record. HCCSEA certified the record to the Holmes County Court of Common Pleas, Juvenile Division, on January 3, 2023. Additionally, the trial court granted appellant's request for a stay of the AO during the pendency of the objection.

{¶8} The magistrate held a pretrial on January 20, 2023. A magistrate's order issued after the pre-trial stated, "pursuant to the court's discussion with the attorneys, this matter shall come back before the Court for a telephone status conference with the magistrate on April 24, 2023." Appellant did not object to this order. The parties began issuing discovery, including interrogatories and requests for production of documents. On February 21, 2023, appellant filed a complaint for allocation of parental rights and responsibilities (custody) and parenting time (companionship) in the Holmes County Juvenile Court. Though this case and the custody/parenting time had separate case numbers and were not formally consolidated, the court and the parties dealt with the issues in the cases together since they are interrelated.

{¶9} In April of 2023, the magistrate held a telephone status conference with the parties. After the status conference, the magistrate issued an order stating, "pursuant to the court's discussion with the attorneys, this matter shall come before the Court for a pretrial hearing by telephone at 10:00 on Thursday, June 8, 2023." Appellant did not object to this order. The magistrate held pretrial conferences on June 8, 2023, July 5,

2023, and September 11, 2023.  Appellant did not object to the timing of any of these pretrials.

{¶10}  The magistrate held a hearing on December 8, 2023.  In an order issued after the hearing, the magistrate stated, "the attorneys will explore a resolution of Mr. Desensi's letter of objection to the HCCSEA's November 16, 2022, AO.  The attorneys will provide an update to the Court as to the parties' efforts to resolve child support objections, before or during the next status conference," which the magistrate set for February 8, 2024.  Appellant did not object to this order or otherwise indicate the information the magistrate provided was incorrect.

{¶11}  On January 18, 2024, appellee filed a motion to compel, arguing appellant failed to respond to her discovery requests.  At the February 8, 2024, status conference, the parties reached an agreement that appellant would provide his discovery responses by February 15, 2024.  In an order after the status conference, the magistrate stated, "as discovery is not yet complete, the parties have not reached a resolution of Mr. Desensi's letter of objection to the AO."  The magistrate set the matter for a further status conference on March 11, 2024.  In a magistrate's order after the March 11, 2024, status conference, the magistrate stated, the "attorneys informed the Court the parties have a meeting scheduled for March 18, 2024, to discuss a resolution of pending matters."  The magistrate set a final pretrial for April 29, 2024.

{¶12}  In an entry after the April 29, 2024, final pretrial, the court stated, the "attorneys informed the court the parties have not reached a resolution of pending matters and requested the Court set the pending matters for a final hearing/trial."  The court set the trial for June 24, 2024, and ordered that, at least fourteen days prior to trial, each party

serve upon the other party a list of all exhibits expected to be introduced at trial, and a list of all witnesses intended to be called at trial. On June 26, 2024, the magistrate entered an order stating, "pursuant to the agreement of the parties, the final hearing/trial for this matter is continued to Wednesday, July 3, 2024."

{¶13} At the trial on July 3, 2024, appellee initially made a motion to dismiss appellant's objection to the AO because appellant failed to file a witness and exhibit list. Counsel for appellant stated that while a separate witness and exhibit list was not filed in this case, "a witness list and exhibit list has been filed in a custody matter that this Court is also hearing in these matters, [which], although not formally consolidated, have been heard together." The magistrate stated since this matter was heard at previous hearings with the custody matters, and there was a witness list filed in that case number, she would overrule the motion to dismiss. However, the magistrate cautioned that if appellant was unable to verify his income or supply supporting documentation, the court would potentially dismiss the matter upon the court's own motion, or upon appellee's renewed motion to dismiss.

{¶14} Appellant testified at trial. Appellant has a bachelor's degree in accounting. Appellant stated he had an "internet marketing" business from 2004 until 2009. From 2004 through 2007, the business made "seven figures," but "dropped back to six figures" in 2008 and 2009. Appellant testified he cannot make the same money now as he did in 2009 because "everything has changed since then." Appellant classifies himself as "an entrepreneur." Appellant did Daily Fantasy Sports ("DFS") for several years, but stated it was not successful as a business.

{¶15} Appellant testified he did not file a tax return for 2023 and is "almost positive" he did not file a tax return for 2022. Appellant testified he "didn't really mean to get this far behind on it, but it's just – there's … just losses." When asked if he planned on filing his tax returns, appellant stated, "Yeah. I'm going to try to take care of that, you know, as soon as possible, actually." Appellant testified that, in the past five years, he had no income from salaries, wages, overtime, pay, bonuses, commissions, or royalties. Appellant stated he may have had some income from interest on a bank account, interest from a T. Rowe Price investment account, and interest from a Vanguard investment account, but he could not recall. Appellant sold a home approximately a year ago, and he received the proceeds from the sale.

{¶16} Appellant has not applied for jobs recently because he does not "think it's the best use of my time." Likewise, he does not want to work at a fast-food restaurant because, "it'd be a large time commitment" and he "never had success as an employee." Appellant submitted a Child Support Computation Worksheet showing his income at $21,736. Appellant stated he does not have the ability to make $150,000 per year.

{¶17} At the conclusion of appellant's presentation of evidence, appellee renewed her motion to dismiss, arguing appellant failed to meet his burden of proof to provide documentation or verification of his income or lack of income. The magistrate questioned appellant. Appellant stated the DFS site would show he made deposits into his DFS account in 2019, 2020, 2021, 2022, and 2023. However, appellant stated, "I just didn't print any of that out." Appellant formed a Limited Liability Company ("LLC") in 2023 called "Rezx, LLC," made an initial capital contribution, opened a checking account for the LLC, and obtained an EIN for the LLC. Appellant's initial capital contribution to the business

checking account was $30,000, which came from his personal bank account. Appellant did not provide any documentation regarding the LLC.

{¶18} Upon further examination by the magistrate, appellant stated he had investment account activity in 2019, 2020, and 2021. While appellant believes the "accounts are still there," he is "pretty sure" one of the accounts has a zero balance, and there may be a "couple thousand" in the other accounts, but he was not sure because he testified, "I haven't even looked at it." When the court asked if he had documentation regarding those accounts, appellant stated, "from over a year ago, I got that all together for those … accounts." However, appellant did not submit any documentation either prior to or at the trial regarding the investment accounts.

{¶19} At the conclusion of the hearing, appellee again renewed her motion to dismiss. Counsel for appellant stated, "it would be a tremendous amount of documentation just to show that there's nominal, if any income," but stated "if this Court would like us to verify anything, we would be happy to provide that by order." The magistrate took the motion to dismiss under advisement.

{¶20} On September 9, 2024, the magistrate issued a decision and judgment entry of dismissal. The magistrate found appellant failed to support his objection with supporting documentation and failed to meet his burden of proof, and thus dismissed appellant's objection to the AO pursuant to Civil Rule 41(B)(1) and (2). Specifically, the magistrate found appellant did not submit any documentation at trial from the DFS website, Rezx, LLC information, investment accounts, bank accounts, or any tax returns. Further, that the only documentation appellant submitted during trial was a proposed Child Support Computation Worksheet purporting to impute minimum wage employment

to appellant, despite appellant's testimony that he does not intend to work a minimum wage job.

{¶21} The magistrate found that, pursuant to R.C. 3119.05, a parent has a statutory duty to verify income with documentation. Further, pursuant to applicable caselaw, failure to comply with R.C. 3119.05(A) precludes a parent from prevailing on an objection to an administrative child support order. The magistrate noted appellant did not provide documentation to verify his income for any year and failed to meet his statutory burden of production regarding his income to support his objection to the AO. Accordingly, the magistrate dismissed appellant's objection to the AO, and found the AO to be a final and enforceable child support order.

{¶22} Appellant filed objections and supplemental objections to the magistrate's decision. Appellant argued: the magistrate abused her discretion without first finding appellant was voluntarily unemployed or voluntarily underemployed; the magistrate abused her discretion by failing to comply with R.C. 3119.05; the magistrate abused her discretion by failing to issue an order to appellant to provide documentation or determining whether the child support agency made an unreasonable assumption; and the magistrate abused her discretion by delaying a ruling on the objections for one year and nine months. Appellee filed a response to appellant's objections.

{¶23} The trial court issued a judgment entry on December 9, 2024, overruling and denying appellant's objections, adopting the magistrate's decision, dismissing appellant's objections, and entering the AO as a final and enforceable child support order.

{¶24} Appellant appeals the December 9, 2024, judgment entry of the Holmes County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶25} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S OBJECTIONS AND ORDERING THAT THE ADMINISTRATIVE ORDER IS FINAL AND ENFORCEABLE DESPITE THE ADMINISTRATIVE ORDER IMPUTING INCOME TO PLAINTIFF WITHOUT FIRST FINDING THAT HE WAS VOLUNTARILY UNEMPLOYED OR VOLUNTARILY UNDEREMPLOYED."

{¶26} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S OBJECTIONS AND ORDERING THAT THE ADMINISTRATIVE ORDER IS FINAL AND ENFORCEABLE, BY FAILING TO COMPLY WITH OHIO REVISED CODE SECTION 3119.05."

{¶27} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S OBJECTIONS AND ORDERING THAT THE ADMINISTRATIVE ORDER IS FINAL AND ENFORCEABLE, BY FAILING TO ISSUE AN ORDER FOR PLAINTIFF TO PROVIDE DOCUMENTATION OR DETERMINING WHETHER THE CHILD SUPPORT AGENCY MADE AN UNREASONABLE ASSUMPTION PURSUANT TO OHIO REVISED CODE SECTION 3119.72(A)."

{¶28} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DELAYING A RULING ON THE OBJECTIONS TO THE ADMINISTRATIVE ORDER FOR ONE YEAR AND NINE MONTHS."

*Standard of Review*

{¶29} Generally, a trial court's decision regarding child support obligations will not be overturned absent a showing of an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142 (1989). Similarly, an appellate court's review of a dismissal under Civil Rule 41(B)(1)

for the failure to prosecute is within the sound discretion of the trial court. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46 (1997).

{¶30} However, the trial court dismissed appellant's objections to the AO pursuant to both Civil Rule 41(B)(1) and Civil Rule 41(B)(2). When a defendant makes a Civil Rule 41(B)(2) motion, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard. *Phillimore v. Butterbaugh*, 2014-Ohio-4641 (5th Dist.). Where the plaintiff's evidence is insufficient to sustain plaintiff's burden in the matter, the trial court may dismiss the case. *Id.* A trial court's ruling on a Civil Rule 41(B)(2) motion will be set aside on appeal only if it is erroneous as a matter of law or against the manifest weight of the evidence. *Id.* The reviewing court neither weighs the evidence, nor judges the credibility of the witnesses, but determines "whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment." *Id.*, citing *Cross Truck Equip. Co. v. The Joseph A. Jeffries Co.*, 1982 WL 2911 (5th Dist. Feb. 10, 1982).

## I. & II.

{¶31} In his first and second assignments of error, appellant makes related arguments. First, he argues that both the trial court and the agency committed error in imputing income to him without first finding that he was voluntarily unemployed or voluntarily underemployed.

{¶32} While this Court has previously held there is no "magic language" required for a trial court to find an individual is voluntarily unemployed or underemployed, we have generally required some indication by the trier of fact that it considered the needs of the

children and an indication that there was no valid reason for the appellant to not be employed to comply with R.C. 3119. *Schley v. Gillum*, 2012-Ohio-2787 (5th Dist.). In support of his argument, Appellant points to the lack of the magistrate or trial court's consideration of the needs of the children and/or the lack of an indication by either the magistrate or the trial court that there was no valid reason for appellant not to be employed. However, it is clear from the language utilized in the magistrate's decision and the trial court's judgment entry that neither of them imputed income to appellant on the basis that he was voluntarily underemployed or voluntarily unemployed. Rather, they dismissed appellant's objections pursuant to Civil Rule 41(B)(1) and (B)(2). Accordingly, no finding of voluntary unemployed or underemployment was required. Similarly, though HCCSEA has the ability to impute income to a voluntarily underemployed or unemployed parent pursuant to Ohio Administrative Code 5101:12-45-10(C), HCCSEA did not impute income to appellant in this case. Rather, as discussed below, HCCSEA made reasonable assumptions as is permitted by the Ohio Revised Code and Ohio Administrative Code.

{¶33} Appellant next contends the trial court committed error by failing to comply with R.C. 3119.05 for several reasons. First, appellant argues the trial court failed to comply with R.C. 3119.05(I)(3) because a trial court is not permitted to impute income when a parent has "proven that the parent has made continuous and diligent efforts without success to find and accept employment, including temporary employment, part-time employment, or employment at less than the parent's previous salary or wage." However, as detailed above, neither the trial court, magistrate, or HCCSEA imputed income to appellant. Further, there is no evidence in the record that appellant made continuous and diligent efforts to find employment at less than his previous wage. Rather,

he testified he does not think searching for jobs is the "best use of his time" and he does not want to work at a minimum wage job such as McDonald's because "it'd be a large time commitment" and he "never had success as an employee." Additionally, appellant did not produce any documentation as to the income made (or lost) via his DFS or Rezx, LLC, endeavors. Accordingly, the trial court did not commit error in failing to comply with R.C. 3119.05(I)(3).

{¶34} Second, appellant contends the trial court and HCCSEA failed to comply with R.C. 3119.05(H) because both failed to average his income over a reasonable period of years. However, pursuant to R.C. 3119.05(H), averaging was not required, as the statute utilizes the word "may." Further, appellant again attempts to place the burden upon the agency or trial court to essentially "prove" that, if either the trial court or the agency did average his income, such average was reasonable. The trial court did not average appellant's income, as it dismissed his objections pursuant to Civil Rule 41(B)(1) and (2). As to HCCSEA, there is no indication in the order or administrative transcript that any averaging occurred. Rather, as discussed below, HCCSEA made reasonable assumptions because appellant failed to produce any financial documentation.

{¶35} Third, appellant contends both the trial court and HCCSEA improperly considered Medina County Auditor's records, which does not comply with R.C. 3119.05. We first note that neither the magistrate nor the trial court mentioned any auditor's records in their judgment entries. However, the document at issue is a public record that is readily ascertainable from the internet that a court can take judicial notice of. *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798. Further, there is no indication that either the trial court or HCCSEA utilized this figure in contravention of R.C. 3119.05.

{¶36} Finally, appellant argues the trial court committed error because it did not actually compute the amount of child support pursuant to R.C. 3119.05(A). In this case, the trial court dismissed appellant's objections pursuant to Civil Rule 41(B)(1) and (2) by finding appellant did not meet his statutory burden of production regarding his income pursuant to R.C. 3119.05, which precluded him from prevailing on his objection to the AO. We find no abuse of discretion and/or find the trial court's determination is not erroneous as a matter of law or against the manifest weight of the evidence.

{¶37} For purposes of child support, a parent's income "shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts, and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." R.C. 3119.05(A). Courts have held that a parent must strictly adhere to this requirement and prove their income by presenting documentation pursuant to R.C. 3119.05(A). *Ornelas v. Ornelas*, 2012-Ohio-4106 (12th Dist.); *Montgomery v. Montgomery*, 2015-Ohio-2976 (3rd Dist.); *Ellis v. Ellis*, 2009-Ohio-4964 (7th Dist.); *Janecek v. Marshall*, 2011-Ohio-2994 (11th Dist.); *Ostmann v. Ostmann*, 2006-Ohio-3617 (9th Dist.). The statute and case law require more than testimony for a parent to satisfy his or her burden of proof pursuant to R.C. 3119.05. *Montgomery v. Montgomery*, 2015-Ohio-2976 (3rd Dist.); *Dulaney v. Taylor*, 2013-Ohio-1147 (10th Dist.); *Gue v. Girardi*, 2018-Ohio-3788 (8th Dist.).

{¶38} Appellant argues R.C. 3119.05(A) is only applicable in a modification proceeding. However, by its own terms, R.C. 3119.05(A) applies "when a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant

to an administrative child support order …".  Additionally, several courts have applied the verification requirement of R.C. 3119.05(A) in non-modification proceedings.  *Ornelas v. Ornelas*, 2012-Ohio-4106 (12th Dist.); *Ostmann v. Ostmann*, 2006-Ohio-3617 (9th Dist.).

{¶39}  Appellant contends it is incumbent upon the trial court, pursuant to R.C. 3119.05, to verify appellant's income with suitable documentation.  Such a reading of the statute impermissibly shifts the burden of providing documentation to the court, which is contrary to the plain language of R.C. 3119.05(A).  *Ellis v. Ellis*, 2009-Ohio-4964 (7th Dist.) (statute does not place a duty on trial court to verify parents' incomes, statute clearly imposes duty on parents to verify income, including self-generated income). It is unclear how the trial court in this case was supposed to verify appellant's income via documentation when appellant provided no documentation for the court to consider.  Appellant additionally argues he requested more time to produce the documentation at the hearing.  However, the record disputes that notion.  Counsel for appellant asked the magistrate to deny the motion to dismiss or, in the alternative, asked "that the trial court order Mr. Desensi to provide any documents that the Court may find is necessary for its determination."  Appellant again attempts to impermissibly shift the burden to the court rather than meet his own burden of production.

{¶40}  In this case, appellant did not present any documentation to the trial court pursuant to R.C. 3119.05(A).  Appellant testified he did not complete either a 2022 or 2023 tax return, though he recognized he needed to do that "as soon as possible."  When asked about providing documentation from his DFS transactions (including income and losses), appellant testified he could print out that information, but he did not.  Similarly, appellant admitted he opened a business checking account for a new LLC with a capital

contribution from his personal bank account. However, he failed to present any documentation as to the LLC and its earnings or losses. Finally, appellant was not sure about the status of his investment accounts though he "believed" the accounts had activity in 2019, 2020, and 2021. He stated he "[hasn't] even looked at it." Appellant stated he did get together some documentation for these accounts approximately a year ago, but he did not submit any documentation to the court either prior to or at trial. If appellant did not agree with the number set by HCCSEA, it was his burden to come forward with documentary evidence to dispute the figure. Appellant failed to do so. Without any documentary or electronic evidence as required by R.C. 3119.05, which would allow the trier of fact to conclude HCCSEA wrongly determined appellant's income for purposes of child support computation, the trial court properly determined appellant failed to produce adequate evidence for the court to sustain his objection and that appellant's evidence was insufficient to meet his burden pursuant to R.C. 3119. Thus, upon our review of the record, we find the trial court did not abuse its discretion and/or find the trial court's determination is not erroneous as a matter of law or against the manifest weight of the evidence. Appellant's first and second assignments of error are overruled.

III.

{¶41} In his third assignment of error, appellant contends the trial court committed error when it did not follow R.C. 3119.72, which he alleges provides the appropriate procedure for a court to follow when a parent does not provide the necessary financial documentation. Appellant argues it was the court's duty to issue an order for him to provide documentation if such documentation was required to establish his income. We disagree.

{¶42} R.C. 3119.72 provides that, if a parent fails to comply with a request for information made by the agency, the agency may do either of the following:

(1) Request the court of appropriate jurisdiction of the county in which the agency is located to issue an order requiring the parent to provide the information as requested;

(2) Make any reasonable assumptions necessary with respect to the information the parent did not provide to ensure a fair and equitable review of the child support order or establishment of an administrative order …

{¶43} "We give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Columbia Gas Trans. Corp. v. Levin*, 2008-Ohio-511. There is nothing contained in the plain language of the statute that imposes a duty upon either the court to issue an order to provide documentation, or a duty upon the agency to request such information. It gives the agency the discretion ("may") to *either* request the court order the parent to provide the information *or* make any reasonable assumptions with respect to the information the parent did not provide. As detailed above, pursuant to R.C. 3119.05, it is the parent's burden to provide documentary evidence to verify income. Nothing in R.C. 3119.72 shifts this burden to the court and/or the agency. In this case, the trial court dismissed appellant's objections because appellant failed to come forward with *any* documentary evidence to dispute the $150,000 figure used by the NCCSEA hearing officer.

{¶44} In this assignment of error, appellant also contends his testimony was that he "did not have access" to his tax returns, so he could not provide the documentation the magistrate required. However, appellant's testimony at trial was not that he did not

have access to his tax returns. Rather, it was that he "didn't really mean to get this far behind on [filing his taxes]" and he was "going to try to take care of that, you know, as soon as possible, actually." Appellant's testimony does not change the fact that it is his burden to provide documentary evidence of income, which he did not provide.

{¶45} Finally, in this assignment of error, appellant argues that neither the trial court nor the agency made reasonable assumptions about appellant's income because his testimony was that he is not capable of earning $150,000 per year. We disagree. Pursuant to R.C. 3119.72(A)(2) and Ohio Administrative Code 5101:12-45.05.1(B)(1) and (2), the child support enforcement agency is permitted to make "reasonable assumptions" with respect to the information the parent did not provide to establish an administrative child support order and proceed with determining the amount of child support.

{¶46} In this case, HCCSEA made reasonable assumptions about appellant's "current and past income and personal earnings" in order to establish the income utilized ($150,000) in the child support calculations. These reasonable assumptions were made based upon appellant's testimony that his source of living expenses ($1,000-$2,000 per month) for multiple (13-14) years has been his previous business income, which appellant stated was over $1 million dollars for each of three years, and "six figures" for the remaining two years. At the hearing in front of the magistrate, appellant failed to submit any documentary evidence to dispute the $150,000 figure. As discussed above, if appellant disagreed with the figure established by HCCSEA, it was his burden to provide documentation to refute the reasonable assumptions made by HCCSEA. He failed to do so. Accordingly, the magistrate and trial court did not commit error in dismissing

appellant's objections pursuant to Civil Rule 41(B). Appellant's third assignment of error is overruled.

IV.

{¶47} In his fourth assignment of error, appellant contends the trial court abused its discretion by delaying a ruling on his objections to the AO for one year and nine months. We first note that the first time appellant brought this to the attention of the trial court was in his objections to the magistrate's decision. Appellant did not bring this issue to the trial court's attention at any pretrial or status conference prior to the trial. A party waives and may not raise on appeal any error which arises during the trial court proceedings if that party fails to bring the error to the court's attention at a time when the trial court could avoid or correct that error. *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997).

{¶48} A failure to object at trial waives all but plain error. *Id.* The plain error doctrine is applicable in civil cases only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Id.* Plain error does not exist unless it can be said, but for the error, the outcome of the trial court would have clearly been otherwise. *In the Matter of D.M.*, 2018-Ohio-4737 (5th Dist.).

{¶49} We find no plain error in this case. Appellant cites R.C. 2701.02 in support of his argument that the trial court should have ruled on his objection to the AO within thirty days. However, it is well-established that both R.C. 2701.02 and Superintendence Rule 40(A)(3) (suggesting motions should be ruled on within 120 days), are intended only to serve as guidelines for the courts of Ohio, and are not intended to create substantive enforceable rights on the part of the individual litigants in a case. *State ex rel. Culgan v.*

*Collier*, 2013-Ohio-1762; *Gardner v. Bisciotti*, 2010-Ohio-5875 (10th Dist.); *Lanning v. Lanning*, 1983 WL 5473 (5th Dist. Mar. 7, 1983). Further, this Court has previously held a trial court's delay in ruling on a motion "does not necessarily mean that a corresponding right is created for litigants to force a trial judge to rule upon any motion within one hundred twenty days, regardless of the posture of the litigation. The need for discovery, the issues presented, the possibility of settlement, other motions pending in the case, and even other matters pending before the court could all, inter alia, be sufficient reason for the trial court within its proper discretion not to rule upon a motion within one hundred twenty days." *State ex rel. Jamison v. Muskingum Cty.*, 2009-Ohio-1482 (5th Dist.).

{¶50} In this case, it is clear the need for discovery, the possibility of settlement, and other matters pending before the trial court were sufficient reason for the trial court within its proper discretion not to rule upon the objection within one hundred and twenty days.

{¶51} The magistrate and trial court were active in the case, diligently holding pretrials and hearings in January, April, June, July, September, and December of 2023, February, March, and April of 2024. In several of the magistrate's orders issued after the pretrials, the magistrate noted the parties were conducting discovery and/or were in settlement discussions about the objections. Appellant did not object to the timing of any of these hearing or pretrials. In fact, in numerous of the magistrate's orders, the magistrate stated the parties and their counsel agreed to the various dates and deadlines in the case. After the magistrate issued orders stating the parties agreed to certain deadlines, or stating the parties were working on discovery and settlement surrounding appellant's objection to the AO, appellant did not file anything indicating the assertions by

the magistrate were incorrect.  We also note that appellee had to file a motion to compel against appellant for the failure to provide timely discovery.

{¶52}  Further, though this case was not officially consolidated with the custody case, both the trial court and the parties dealt with the issues in this case together with the issues in the related case – a circumstance appellant himself recognized.  This is evidenced by the fact that, when appellant failed to file a witness list and exhibit list for the trial in this case, counsel for appellant stated that, while a separate witness and exhibit list was not filed in this case, "a witness list and exhibit list has been filed in a custody matter that this Court is also hearing in these matters, [which], although not formally consolidated, have been heard together."  The custody case was complicated by the fact that the CPO from Medina County listed appellee and the minor children as "protected persons" until 2027.  Thus, prior to the resolution of the custody case, it was important for the issue of the CPO to be decided, which procedurally took time.  Appellant filed objections to the issuance of the CPO, appealed the trial court's decision to the Ninth District Court of Appeals, which affirmed the trial court in *J.E. v. M.D.*, 2024-Ohio-5978 (9th Dist.), and ultimately to the Supreme Court of Ohio, which did not accept his appeal. *J.E. v. M.D.*, 2025-Ohio-1283.

{¶53}  Upon review, we find appellant cannot show a deviation from a legal rule occurred, that the alleged error was an "obvious" defect in the trial proceedings, or that this alleged error affected the outcome of the trial.  *McFarland v. Gillesipe*, 2019-Ohio-1050 (5th Dist.).  Accordingly, the plain error doctrine does not apply.  Appellant's fourth assignment of error is overruled.

{¶54} Based on the foregoing, appellant's assignments of error are overruled. The December 9, 2024, judgment entry of the Holmes County Court of Common Pleas, Juvenile Division, is affirmed.

By Popham, J.,

King, P.J., and

Hoffman, J., concur